Matthew S. Parmet (CSB # 296742)
mparmet@brucknerburch.com
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Ste. 1500
Houston, Texas 77046
Telephone:	(713) 877-8788
Telecopier:	(713) 877-8065

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL DEAN, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>CALIFORNIA RESOURCES CORP., a Delaware corporation and a California citizen; and DOES 1-30, inclusive,<br><br>                    Defendants. | Case No. 2:17-cv-07038-ODW (AFMx)<br><br>**Plaintiff's First Amended Class and Collective Action Complaint for Damages (with Jury Demand)**<br><br>1. **Failure to pay overtime compensation (Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*);**<br>2. **Failure to pay wages (CAL. LAB. CODE §§ 510, 1194, 1194.5; IWC Wage Order 16-2001);**<br>3. **Failure to provide compensation for missed meal and rest periods (CAL. LAB. CODE §§ 226.7, 512; IWC Wage Order 16-2001);**<br>4. **Violations of record keeping requirements (CAL. LAB. CODE § 226);**<br>5. **Misclassification penalties (CAL. LAB. CODE § 226.8);**<br>6. **Advising misclassification (CAL. LAB. CODE § 2753);**<br>7. **Waiting time penalties (CAL. LAB. CODE § 203);**<br>8. **Violation of Unfair Competition Law (CAL. BUS. & PROF. CODE § 17200, *et seq.*).** |

**Plaintiff's First Amended Complaint** — - 1 -

## SUMMARY

1. Plaintiff Michael Dean worked for Defendant California Resources Corp. ("CRC") as an Electrical Construction Technical Representative, charged by CRC with providing mechanical, electrical, and instrument design and support.

2. Despite working exclusively for CRC and working on CRC's own wellsites, plants, and facilities, CRC did not treat Dean as an employee.

3. CRC classified Dean as an independent contractor for purposes of the Fair Labor Standards Act ("FLSA") and California law.

4. The nature of Dean's working relationship with CRC is that of an employer-employee relationship, and he is entitled to the benefits of an employee under the FLSA and California law.

5. Dean worked overtime while working for CRC.

6. CRC paid Dean the same hourly rate for all hours worked.

7. CRC did not pay Dean overtime and 1.5 times his regular rate of pay.

8. CRC did not pay Dean overtime whatsoever.

9. CRC did not pay Dean a salary.

10. CRC paid Dean straight time for overtime.

11. CRC misclassified Dean and all straight-time-for-overtime workers as independent contractors.

12. Dean and the other straight-time-for-overtime independent contractors are similarly situated for the purposes of the FLSA and California law.

13. Dean seeks back wages, liquidated damages, attorney fees, costs, and all other remedies available under the FLSA and California law for himself and all similarly situated class members under the FLSA and California law.

## JURISDICTION AND VENUE

14. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves a federal question under the FLSA, 29 U.S.C. § 216(b).

15. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District

17. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because CRC is headquartered in this District and Division.

## THE PARTIES

18. Dean worked exclusively for CRC as an Electrical Construction Technical Representative from approximately February 2013 to August 2015.

19. Throughout his employment with CRC, Dean was paid straight time for overtime.

20. CRC classified Dean as an independent contractor.

21. Dean's consent to be a party plaintiff is attached as Exhibit A.

22. Dean brings this action on behalf of himself and all other similarly situated workers, who were classified as independent contractors and paid by CRC's straight-time-for-overtime system, regardless of job title.

23. CRC paid each of these workers the same hourly rate, regardless of how many hours worked in a week, whether working overtime or not.

24. CRC did not pay these workers overtime for all hours that they worked in excess of 40 hours in a workweek, as required by the FLSA.

25. Dean represents at least two classes of similarly situated co-workers.

26. Dean represents a class of similarly situated straight-time-for-overtime independent contractors under the FLSA pursuant to 29 U.S.C. § 216(b). The FLSA Class is defined as:

> **Independent contractors employed by, or working on behalf of, California Resources Corp. and working in the United States in the past three years who were paid straight time for overtime.**

27. Dean represents a class of similarly situated straight-time-for-overtime independent contractors under the California Labor Code pursuant to Federal Rule of Civil Procedure 23. The California Class is defined as:

> **Independent contractors employed by, or working on behalf of, California Resources Corp. and working in California in the past four years who were paid straight time for overtime.**

28. Collectively, the FLSA Class and California Class are referred to as the "Class Members."

29. CRC is a foreign corporation organized under the laws of Delaware.

30. CRC maintains its headquarters and principal place of business in California.

31. CRC is a citizen of both Delaware and California.

32. CRC may be served by serving its registered agent for service of process: **Corporation Service Company, 2710 Gateway Oaks Dr., Ste. 150N, Sacramento, CA 95833**.

33. Dean is informed and believes, and thereby alleges, that at all relevant times CRC and Defendants Does 1 through 30 were affiliated, and each was the principal, agent, servant, partner, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor or predecessor in interest, joint ventures, and/or joint enterprises of all or some of the other defendants.

34. Dean is informed and believes, and thereby alleges that, due to the relationship between CRC and Defendants Does 1 through 30, that such persons or entities were joint employers for the purposes of the FLSA. *See* 29 C.F.R. § 791.2.

35. Dean is unaware of the true names of Defendants Does 1 through 30, and so Dean sues those defendants under said fictitious names. Dean will amend this complaint to show the true names and capacities of such fictitiously named defendants after the same has been ascertained.

36. Because the true names of Does 1 through 30 are currently unknown to him, Dean refers to all Defendants collectively as "CRC" throughout this Complaint.

## COVERAGE UNDER THE FLSA

37. For at least the past three years, CRC has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

38. For at least the past three years, CRC has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

39. For at least the past three years, CRC has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on

goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

40. For at least the past three years, Dean and the FLSA Class were engaged in commerce or in the production of goods for commerce.

41. For at least the past three years, CRC treated Dean and the FLSA Class as employees and uniformly dictated the pay practices to which Dean and its other employees (including its so-called "independent contractors") were subjected.

42. CRC's misclassification of Dean as an independent contractor does not alter its status as an employer for purposes of this FLSA collective action.

**FACTS**

43. CRC is in the business of oil and natural gas exploration and production. *See* CRC, Home, http://www.crc.com (last visited Sept. 29, 2017).

44. To do this, CRC owns and operates properties across California.

45. CRC is a publicly traded company

46. Every CRC job site adheres to CRC policies and procedures.

47. CRC's straight-time-for-overtime workers are treated by CRC as independent contractors or consultants.

48. CRC relies upon its straight-time-for-overtime workers to perform work integral to CRC's operations.

49. CRC created an employer-employee culture between it and its straight-time-for-overtime workers.

50. CRC determines the schedules worked by its straight-time-for-overtime workers.

51. CRC provides all the essential equipment and tools for its straight-time-for-overtime workers to perform their jobs.

52. CRC sets the rates of pay its straight-time-for-overtime workers receive.

53. CRC employs its straight-time-for-overtime workers for extended periods of time.

54. CRC employees direct its straight-time-for-overtime workers.

**Plaintiff's First Amended Complaint** - 5 -

55. CRC has the ultimate authority to hire, discipline, or fire its straight-time-for-overtime workers.

56. CRC made the decision to treat its straight-time-for-overtime workers as independent contractors, not as employees.

57. Despite requiring overtime work, CRC does not pay overtime compensation to this district group of workers.

58. Neither does CRC pay a salary to this distinct group of workers.

59. All the while, CRC's straight-time-for-overtime workers perform the same duties of an employee.

60. CRC controlled all meaningful aspects of its straight-time-for-overtime workers' jobs to ensure its strategic objectives were fulfilled.

61. Even though Dean often worked away from CRC's traditional offices without the presence of an in-person CRC superior, CRC still controlled all aspects of Dean's job activities by enforcing mandatory compliance with CRC's policies and procedures.

62. CRC's straight-time-for-overtime workers all perform the same or similar job duties that are integral to CRC's business operations and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

63. The straight-time-for-overtime workers also worked similar hours and were denied overtime because of the same illegal pay practice.

64. CRC's policy of treating its straight-time-for-overtime workers as independent contractors violates the FLSA.

65. Even if CRC treated these workers as employees, its straight-time-for-overtime pay structure did not meet the salary basis test.

66. Dean was economically dependent on CRC during his employment.

67. Because Dean and CRC's other straight-time-for-overtime workers were misclassified as independent contractors by CRC, they should receive overtime for all hours worked in excess of 40 hours in each workweek.

68. CRC straight-time-for-overtime system violates the FLSA and California law, because Dean and the other Class Members did not receive any pay for hours worked over 40 hours each week.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

69. Numerous straight-time-for-overtime workers have been victimized by this pattern, practice, and policy, which are in willful violation of the FLSA.

70. Many of these straight-time-for-overtime workers have worked with Dean and have reported that they were paid in the same manner and were not properly compensated for all hours worked, as required by the FLSA.

71. Thus, from Dean's observations and discussions with these straight-time-for-overtime workers, he is aware that the illegal practices or policies of CRC have been imposed on a distinct group of straight-time-for-overtime workers.

72. These workers all were classified as independent contractors, received straight time for overtime, regularly worked in excess of 40 hours per week, and were not paid overtime compensation.

73. These straight-time-for-overtime workers are victims of CRC's unlawful compensation practices and are similarly situated to Dean in terms of relevant job duties, pay provisions, and employment practices.

74. CRC's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the straight-time-for-overtime independent contractors.

75. Thus, Dean's experiences are typical of the experiences of the straight-time-for-overtime workers.

76. The specific job titles or precise job locations of the various straight-time-for-overtime workers does not prevent collective treatment.

77. Dean has no interest contrary to, or in conflict with, the members of the FLSA Class and California Class. Like each member of the proposed classes, Dean has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

78. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

**Plaintiff's First Amended Complaint** - 7 -

79. Absent this action, many Class Members likely will not obtain redress of their injuries and CRC will reap the unjust benefits of violating the FLSA and California law.

80. Furthermore, even if some of the Class Members could afford individual litigation against CRC, it would be unduly burdensome to the judicial system.

81. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

82. The questions of law and fact common to each of the Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

  a. Whether CRC employed the Class Members within the meaning of the FLSA and California law;

  b. Whether the Class Members were exempt from overtime;

  c. Whether CRC's decision to not pay overtime to the Class Members was made in good faith; and

  d. Whether CRC's violation of the FLSA and California law was willful.

83. Dean's claims are typical of the Members. Dean and the Class Members have sustained damages arising out of CRC's illegal and uniform employment policy.

84. Dean knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

85. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

86. All straight-time-for-overtime independent contractors, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

**FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA**

87. Dean incorporates by reference all preceding paragraphs.

88. CRC has violated, and is violating, section 7 of the FLSA, 29 U.S.C. § 207, by employing straight-time-for-overtime independent contractors in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such straight-time-for-overtime independent contractors for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

89. CRC knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the straight-time-for-overtime independent contractors overtime compensation.

90. CRC's failure to pay overtime compensation to these straight-time-for-overtime independent contractors was neither reasonable, nor was the decision not to pay overtime made in good faith.

91. Accordingly, Dean and all those who are similarly situated straight-time-for-overtime independent contractors are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

**SECOND CAUSE OF ACTION—FAILURE TO PAY WAGES UNDER CALIFORNIA LAW**

92. Dean incorporates by reference all preceding paragraphs.

93. The California Labor Code requires that all employees, including Dean and the California Class, receive time and one-half overtime premium compensation for hours worked over 8 in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Order 16-2001.

94. Despite working over 8 hours a day as part of their normal and regular shift, Dean and the California Class did not receive any overtime compensation for all hours worked over 8 in one day.

95. The California Labor Code also requires that all employees, including Dean and the California Class, receive two times the overtime premium compensation for hours worked over 12 in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Order 16-2001.

96. Although Dean and the California Class occasionally worked over 12 hours in one day, they did not receive the "double time" compensation required by California law.

**Plaintiff's First Amended Complaint** - 9 -

97. The California Labor Code requires that all employees, including Dean and the California Class, receive two times the overtime premium compensation for hours worked over 8 in one day, in the seventh day of a workweek. CAL. LAB. CODE §§ 510, 551–52 (2017); IWC Wage Order 16-2001.

98. Although Dean and the California Class regularly worked 7 days a week, for at least 12 hours a day, they did not receive the "double time" compensation required by California law for all hours over 8 worked on the seventh day.

99. This pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful and entitles Dean and the California Class to recover unpaid balance of the full amount of overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit pursuant to California Labor Code section 1194.

### THIRD CAUSE OF ACTION—FAILURE TO PROVIDE COMPENSATION FOR MISSED MEAL AND REST PERIODS

100. Dean incorporates by reference all preceding paragraphs.

101. In accordance with the mandates of California Labor Code sections 226.7 and 512, and applicable IWC Wage Orders, Dean and the California Class had the right to take two uninterrupted 30-minute meal periods for each day they worked 10 hours per day and a 10 minute rest period for every 4 hours worked per day. CAL. LAB. CODE §§ 226.7, 512; IWC Wage Order 16-2001.

102. Although the California Labor Code requires that all employees, including Dean and the California Class, receive two, 30-minute meal-period breaks when employed for 10 hours per day, Dean and the California Class did not receive two meal-period breaks for each day worked, despite working shifts of 12 hours or more. CAL. LAB. CODE § 512; IWC Wage Order 16-2001.

103. As a pattern and practice, CRC did not provide Dean and the California Class with meal-period breaks, and did not provide proper compensation for this failure as required by California law.

104. Although the California Labor Code requires that all employees, including Plaintiff and the California Class, receive a 10-minute rest period for every 4 hours worked, Dean and the California Class did not receive any rest periods during their shifts of 12 or more hours. CAL. LAB. CODE § 512; IWC Wage Order 16-2001.

105. As a pattern and practice, CRC did not provided Dean and the California Class with rest-period breaks, and did not provide proper compensation for this failure as required by California law.

106. Dean and the California Class are entitled to receive compensation, at their regular rate of pay, of one hour for each day they were denied their lawfully required meal- and rest-periods. CAL. LAB. CODE § 512; IWC Wage Order 16-2001.

107. CRC's policy fails to provide Dean and the California Class with the legally mandated meal period breaks. Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitled to recovery by Dean and the California Class in a civil action, for the balance of the unpaid compensation pursuant to Labor Code sections 226.7 and 512, and applicable IWC Wage Orders.

## FOURTH CAUSE OF ACTION—VIOLATIONS OF RECORD KEEPING REQUIREMENTS

108. Dean incorporates by reference all preceding paragraphs.

109. California Labor Code section 226 requires CRC to keep accurate records regarding the rates of pay for their California employees and provide that information to Dean and the California Class with their wage payment.

110. Because CRC misclassified Dean and the Putative Class Members as independent contractors, it did not maintain accurate records of Dean and the California Class' daily hours, gross wages earned, net wages earned, and the applicable hourly rates, and did not provide that information to Dean and the California Class with their wages.

111. This pattern, practice, and uniform administration of corporate policy is unlawful and entitles Dean and the California Class to recover all damages and penalties available by law, including interest, penalties, attorney fees, and costs of suit. CAL. LAB. CODE § 226(e).

## FIFTH CAUSE OF ACTION—MISCLASSIFICATION PENALTIES

112. Dean incorporates by reference all preceding paragraphs.

113. CRC has maintained a uniform policy with respect to Dean and the California Class hired by CRC to work in California.

114. Under this uniform policy, CRC has misclassified Dean and the California Class as independent contractors.

115. CRC, at all relevant times, retained control over the manner and means of accomplishing its desired business results, and retained control over its operations, such that an employer-employee relationship was created between CRC and Dean and the California Class.

116. Through its misclassification of Dean and the California Class, CRC has engaged in a pattern and practice of willful misclassification of its employees as independent contractors for its own financial benefit.

117. Dean and the California Class are entitled to recover the civil penalties specified in the Labor Code for CRC's violations of section 226.8 in an amount of not less than $10,000 and up to $25,000 for each violation, in addition to any other penalties or fines permitted by law.

118. Dean and the California Class are entitled to recover their reasonable attorney fees and costs in bringing this action.

119. CRC is subject to an order requiring it to provide public notice of its violation of California Labor Code section 226.8, if the Court determines that a violation has been committed. CAL. LAB. CODE § 226.8(e), (f).

### SIXTH CAUSE OF ACTION—ADVISING MISCLASSIFICATION

120. Dean incorporates by reference all preceding paragraphs.

121. Each Defendant, CRC, and DOES 1-30, advised the other to treat the Class Members at issue in this case as independent contractors.

### SEVENTH CAUSE OF ACTION—WAITING TIME PENALTIES

122. Dean incorporates by reference all preceding paragraphs.

123. At all relevant times, CRC was required to pay Dean and the California Class all wages owed in a timely fashion at the end of employment pursuant to California Labor Code sections 201 to 204.

124. As a result of CRC's alleged California Labor Code violations, CRC regularly failed to pay Dean and the California Class their final wages pursuant to California Labor Code sections 201

to 204, and accordingly CRC owes waiting time penalties pursuant to California Labor Code section 203.

125. The conduct of CRC, in violation of Dean and the California Class' rights, was willful and was undertaken by the agents, employees, and managers of CRC.

126. CRC's willful failure to provide Dean and the California Class the wages due and owing them upon separation from employment results in a continuation of wages up to 30 days from the time the wages were due.

127. Therefore, Dean and the California Class who have separated from employment are entitled to compensation pursuant to California Labor Code section 203.

### EIGHTH CAUSE OF ACTION—VIOLATION OF UNFAIR COMPETITION LAW

128. Dean incorporates by reference all preceding paragraphs.

129. CRC has engaged, and continues to engage, in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above by knowingly denying employees: (1) overtime wages required under federal law; (2) overtime wages required by California law; (3) meal- and rest-period break wages; and (4) accurate wage statements.

130. As a result of CRC's failure to comply with federal and state law, CRC has also violated the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et. seq.*, which prohibits unfair competition by prohibiting any unlawful or unfair business actions or practices.

131. The relevant acts by CRC occurred within the 4 years preceding the filing of this action.

132. On information and belief, CRC has engaged in unlawful, deceptive, and unfair business practices, pursuant to California's Business and Professions Code section 17200, *et seq.*, including those set forth above, depriving Dean and the California Class of minimum working condition standards and conditions under California law and IWC Wage Orders as set forth above.

133. Dean and the California Class are entitled to restitution for at least the following: restitution for unpaid overtime wages and unpaid California Labor Code § 203 continuation wages.

134. Dean and the California Class are also entitled to permanent injunctive and declaratory relief prohibiting CRC from engaging in the violations and other misconduct referred to above.

**Plaintiff's First Amended Complaint** - 13 -

135. CRC is also liable for fees and costs pursuant to California Code of Civil Procedure section 1021.5 and other applicable law.

## JURY DEMAND

136. Dean demands a trial by jury.

## RELIEF SOUGHT

137. WHEREFORE, Dean prays for judgment against CRC as follows:

a. For an order certifying a class action under Rule 23 for the purposes of the claims under California law;

b. For an order certifying this case as a collective action for the purposes of the FLSA claims;

c. For an order finding CRC liable for violations of state and federal wage laws with respect to Dean and all Class Members covered by this case;

d. For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Dean and all Class Members covered by this case;

e. For a judgment awarding Dean and all Class Members covered by this case their costs of this action;

f. For a judgment awarding Dean and all Class Members covered by this case their attorneys' fees;

g. For a judgment awarding Dean and all Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

h. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Matthew S. Parmet*
  Matthew S. Parmet
  (CSB # 296742)
  mparmet@brucknerburch.com
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:   (713) 877-8788
Telecopier:   (713) 877-8065

**Attorneys for Plaintiff**

Plaintiff's First Amended Complaint - 14 -

# PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in Harris County, Texas, and not a party to the above-entitled cause.

On the date noted below, I served a true copy of the foregoing document(s) described as:

**Plaintiff's First Amended Complaint**

on the interested parties and/or their counsel of record in this action:

CALIFORNIA RESOURCES CORP.
9200 Oakdale Avenue, 9th Floor
Los Angeles, CA 91311

CALIFORNIA RESOURCES CORP.
c/o Corporation Service Company
2710 Gateway Oaks Dr., Ste. 150N
Sacramento, CA 95833

by the following methods of transmission:

- ✓ **By CM/ECF**: I filed the document(s) electronically with the Clerk of Court using the CM/ECF System, which will send an email notification of the filing to the parties and/or their counsel of record, via the Court's CM/ECF system.

- ✓ **By mail**: I mailed a copy of the document identified above by enclosing a copy of the document identified above in an envelope or envelopes and

  - ☐ depositing the sealed envelopes with the U.S. Postal Service.

  - ✓ placing the envelopes for collection and processing for mailing following this business's ordinary practice, with which I am readily familiar. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service.

- ✓ **By personal service**: I sent the documents to be personally served to the party or person authorized to receive service of process for the party.

I certify under the penalty of perjury that the foregoing is true and correct.

Executed on September 29, 2017, at Houston, Harris County, Texas.

*/s/ Matthew S. Parmet*
_____
Matthew S. Parmet

BRUCKNER BURCH PLLC

Proof of Service — - 1 -